-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN PIERRE, 57890-053,

    Petitioner,

-v-

JOSEPH V. SMITH, Warden,

    Respondent.

DECISION AND ORDER
05-CV-0265S

---

Petitioner, Kevin Pierre, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in County Court, Monroe County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. By Order filed April 25, 2005, petitioner was directed to file information regarding why the petition is not untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On May 13, 2005, petitioner filed his response ("§ 2244 Timeliness Response Form"). (Docket No. 4). The Court has examined the response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, petitioner's judgment became final and his time expired to seek direct review of his conviction on June 16, 2003, when his time to seek direct review of his conviction by way of filing a petition for a writ of *certiorari* in the United States Supreme Court expired.[1] *Walker v. Artuz*, 208 F.3d 357, 358 (2d Cir. 2000) (holding that petitioner's conviction became final "when his time expired to seek direct review by writ of certiorari to the United States Supreme Court"), *rev'd on other grounds sub nom. Duncan v. Walker*, 533 U.S. 167 (2001); *see also Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir.) (citation omitted), *cert. denied,* 531 U.S. 968 (2000) ("For purposes of 28 U.S.C. 2244(d)(1)(A), a petitioner's conviction becomes final 90 days after denial of petitioner's application for leave to appeal to the New York Court of Appeals or, in other words, on the expiration of his time to petition for certiorari in the Supreme Court of the United States."). Petitioner did not file this habeas corpus petition until April

---

[1] The petitioner's conviction was affirmed on direct appellate review by the New York State Supreme Court, Appellate Division, Fourth Department on December 30, 2002, *People v. Pierre*, 300 A.D.2d 1070, 752 N.Y.S.2d 491 (4th Dept. 2002), and his application for leave to appeal to the New York Court of Appeals was denied on March 18, 2003, *People v. Pierre*, 99 N.Y.2d 631, 760 N.Y.S.2d 112 (2003) (TABLE). (Docket No. 1, Petition, ¶ 9(c); Docket No. 4, Petitioner's § 2244 Timeliness Response Form).

11, 2005,[2] some one year and 299 days after his conviction became final, or, in other words, **299 days** after the period of limitations set forth in § 2244(d)(1) expired.

Petitioner filed a post-conviction motion under N.Y. CRIM.PROC.L., § 440.10 (Docket No. 1, Petition, ¶ 11; § 2244 Timeliness Response Form) on July 7, 2003;[3] and it was finally denied on April 16, 2004, when his application for leave to appeal to the Appellate Division from the state trial court's denial of said § 440.10 motion was denied. While the entire time period between the filing of the § 440.10 motion on July 7, 2003, and the denial of leave to appeal to the Appellate Division on April 16, 2004, *i.e.* **284 days**, is tolled pursuant to 28 U.S.C. § 2244(d)(2), see Bethune v. Superintendent, Bare Hill Correctional Facility, 299 F.Supp.2d 162 (W.D.N.Y.,2004) ("With respect to a C.P.L. § 440.10 motion, the limitations period is tolled from the time it is filed in the trial court until the Appellate Division decides the motion or denies an application for leave to appeal from the denial of the motion. A denial by the Appellate Division of a C.P.L. § 440.10 motion is not reviewable by the Court of Appeals, see C.P.L. § 450.90 ...."), the instant petition was still untimely filed because it was filed **299 days** after the expiration of the one year limitations period. Petitioner provides no further information which would toll the remaining 15 days.

---

[2] The petition was not actually filed in this Court until April 18, 2005, which was one year and 306 days after the date his conviction became final under 28 U.S.C. § 2244(d)(1)(A), but because of the prison mail box rule the petition is considered to have been filed on the date petitioner placed the petition in the hands of prison officials for mailing, Houston v. Lack, 487 U.S. 266, 271 (1988), which, according to the certificate of service attached to the petition, was April 11, 2005. (Docket No. 1).

[3] The petition notes that this § 440.10 motion may have filed on or about July 15, 2003 (Docket No. 1, Petition, ¶ 11, and copy of N.Y.Crim.Proc.L., § 440.10 motion, dated July 15, 2003, attached to Petition), but the § 2244 Timeliness Response Form indicates it was filed on July 7, 2003. (Docket No. 4). Even giving petitioner the benefit of the doubt and treating the motion as if it had been filed on July 7, 2003, instead of July 15, 2003, does not save the petition.

3

Further, petitioner has not identified any "extraordinary circumstance" which made it impossible to file his petition within the one-year time period.  Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year and the 284 days for the toll provided by § 2244(d)(2).  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"), cert. denied, 531 U.S. 840 (2000).

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

Dated: May 23, 2005
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge